MARTHA A. HATHORN *vs.* DAVID H. CORSON and another.

Somerset. Opinion December 9, 1885.

*Levy. Pleadings.*

A levy is not void for taking, at the same time as one act, two parcels of a farm, the parcels lying side by side, at separate instead of joint appraisal.

A defendant who pleads non-tenure in bar, and on demurrer thereto, loses his plea because not pleaded in abatement instead of bar, cannot (without leave of court) plead anew. He must present all his defenses of the same grade at the same time. Pleading non-tenure and nothing else in bar, he is supposed to have no other defense.

ON EXCEPTIONS.

This was a real action. The material facts upon the question presented by the exceptions are sufficiently stated in the opinion.

*D. D. Stewart*, for the plaintiff, upon the validity of the levy, cited: R. S., 1871, c. 76, § 4; *Pride* v. *Lunt*, 19 Maine, 115; *Morton* v. *Chandler*, 6 Maine, 143; *Pierce* v. *Strickland*, 26 Maine, 278; *Foss* v. *Stickney*, 5 Maine, 390; *Bond* v. *Bond*, 2 Pick. 385; *Peabody* v. *Minot*, 24 Pick. 334.

Upon the question of pleadings, counsel cited: R. S., 1871, c. 104, § 6; *Wyman* v. *Brown*, 50 Maine, 139; *Colburn* v. *Grover*, 44 Maine, 47; *Otis* v. *Warren*, 14 Mass. 239; Jackson, Real Actions, 91, 92, 93; *Putnam Free School* v. *Fisher*, 38 Maine, 327; *Fogg* v. *Fogg*, 31 Maine, 302; Stephen's Pl. 405, 406, 394, 395; Gould's Pl. 270–275; 1 Chitty Pl. 460; *Nowlan* v. *Geddes*, 1 East, 635; *Schoonmaker* v. *Elmendorf*, 10 Johns. 49.

*Brown and Carver*, for the defendants.

In this case, Greenlief Corson, by his counsel, Mr. Willard, filed his disclaimer in which he, on the second day of the first

term, informed the plaintiff that he made no claim to the land, and that so far as he was concerned, the plaintiff might have it. We contend that this was all that the demandant was entitled to. But the counsel insisted that the answer filed by Greenlief Corson was a plea in bar. It may be in form a good plea in bar, but it was intended as a disclaimer. After the court ruled that this was no answer, the defendant offered to file the general issue, and this we contend he should have been allowed to do, but the court refused to allow him to do so. If it be claimed that the allowance of the privilege rested in the discretion of the presiding judge, we say such discretion must be reasonably exercised, otherwise it is open to exception. The right to plead anew, for which defendant contended, seems to be recognized in *State* v. *Inness*, 53 Maine, 541; *Furbish* v. *Robertson*, 67 Maine, 38.

The levy upon which demandant's title rests is not good. Separate appraisals of two parcels of land, lying side by side, and taken by the same levy, can not be upheld. Great injustice could thus be done. Each separate parcel appraised by itself, might be of little value, while it would be of great value when joined with the other. One is a mere brook with no land of any amount connected with it; it is, therefore, almost worthless. The other is a dry pasture with no water in it, and, for that reason, of small value. But when united by the completion of the levy, the creditor has a nice pasture with a running brook through it.

PETERS, C. J. The levy, under which the demandant claims, took at the same time as one act, two parcels of a farm, the parcels lying side by side, at separate appraisals. It is contended that this is an irregularity which renders the levy void. The argument is, that the two parts would not be likely to be in the aggregate valued so much by the appraisers as they would be as a whole. It is apparent that such a scheme of appraisal might be prejudicial to the debtor. But we see no remedy for it beyond the right to redeem. By § 4, c. 76, R. S., when several parcels of land are taken, they may be appraised separately or together. By same section, the creditor may take parcels at different times and have different sets of appraisers. This creditor could have

accomplished the same end by takings at different times. There was nothing to prevent his taking a portion of the farm in such form as he pleased, however irregular. Even if the land taken is grossly undervalued, there is no help for it but to redeem. We think it results from these privileges accorded to the creditor, that the objection in the present case can not avail the defendants. The theory of the law is expressed in the case of *Bond* v. *Bond*, 2 Pick. 385, where it is said: "The object of the statute is not that the land should be taken in payment of the debt, but that the levy on it might coerce the debtor to pay the debt."

Greenlief Corson, one of the defendants, pleaded non-tenure in bar, when the plea should have been in abatement. Upon demurrer to the plea because it was in bar, judgment was given in chief against the pleader. This was according to the precedents. The defendant had pleaded his chief defense, and that being lost to him upon a question of law, the natural deduction would be that he had no other. The law presumes that he would not have pleaded a single defense in bar if other defenses were at the same time open to him. If a defendant had the right to plead anew as often as a prior plea of the same grade be disposed of, the litigation might be prolonged beyond endurance. Hence the rule that all defenses upon the merits should be presented at the same time. The defendant had his day, and logically acknowledged that his only defense was a technical one, not very much favored, and in that he was worsted.

He claims that he should have been permitted to plead the general issue. It was, no doubt, a matter of discretion with the judge whether he would relieve the pleader of his dilemma or not, by allowing a withdrawal or an amendment of the first plea. But it was so inconsistent for a defendant to plead no title in himself, and with the next stroke of the pen to plead that he had title, the judge thought it would not be in the furtherance of justice to allow the motion to replead. It is also clear from the facts of the case, inasmuch as the levy is held to be good, that this defendant, as well as the associate defendant, had no possible defense under the general issue.          *Exceptions overruled.*

DANFORTH, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.